WILLIAM F. JOHO, RELATOR, v. ROBERT CARDWELL ET AL., MEMBERS CONSTITUTING THE BOARD OF PO- LICE COMMISSIONERS OF THE CITY OF ELIZABETH, NEW JERSEY, RESPONDENTS.

Argued May 7, 1931—Decided January 21, 1932.

Before GUMMERE, CHIEF JUSTICE, and Justices PARKER and CASE.

For the relator, *Spaulding Frazer.*

For the respondents, *Merritt Lane.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. Joho, the present relator, filed an information in the nature of a *quo warranto,* pursuant to permission granted to him for that purpose by a member of this court, in which he challenges the right of the respondents to continue to hold their offices as members of the board of police commissioners of Elizabeth. The board of police commissioners of that city was appointed under the statute of 1909 (*Pamph. L., p.* 129), which provides for the creation of a municipal board of police commissioners in cities having a population of not less than 50,000 nor more than 100,000. Elizabeth came within the class specified at the time of the enactment of the statute, and the governing body of the municipality, by proper procedure, established the board and appointed the members thereof. The present respondents are the successors in office of the original appointees. The nineteenth section of this statute provides that all parts of charters of cities within the class mentioned inconsistent with the provisions of this statute "are hereby repealed." In 1931 the legislature passed a statute providing that the federal census of 1930 should take effect upon the passage and approval of the statute. The federal census showed that Elizabeth in 1930 had a population of 114,589. The contention on the part of the relator is that the effect of the statute of 1931 was to destroy the existence of the board of police commisioners of the city of Elizabeth, and that consequently the members thereof ceased to be officers of the municipality.

Prior to the enactment of the statute of 1909 the city council of Elizabeth, by virtue of one of the provisions of the charter of that municipality, had power to establish, regulate and control a day and night police, and to regulate and define the manner of their appointment and removal. The power vested in the city council by this charter provision was extinguished by the repealing provision contained in the statute

of 1909, and there is no suggestion on the part of the relator that the power to establish a new board of police commissioners exists by virtue of any general law of the state.

In this situation, a judicial declaration by this court that the board of police commisioners of the city of Elizabeth no longer exists, and that the members of the board have no longer any power to regulate and control a police force in the city, would be equivalent to declaring that, until subsequent legislation is enacted, the city of Elizabeth will be without any police force. The decision of this court *In re Sewer Assessment of Passaic*, 54 *N. J. L.* 156, controls the situation just outlined. In that case the court said: "It is unnecessary to discuss or determine the effect of the supplement to the Classification act upon the laws applicable to a city which has passed from a lower to a higher class; for it has not been contended that municipal officers, duly appointed under laws valid and applicable to the city while in the lower class, cease to be officers by the mere transition of the city to the higher class. There is nothing in that or any other act to justify such a contention. Such officers obviously must continue to perform the functions and exercise the powers conferred on them until, under laws applicable to the higher class into which the city has passed, others are appointed."

For the reason indicated, we conclude that the respondents are entitled to judgment on the demurrer.